**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

AMANDA WOLFE,                           :   Case No. 3:25-cv-441
                                        :
    Plaintiff,                    :
                                        :
vs.                                     :   District Judge Thomas M. Rose
                                        :   Magistrate Judge Peter B. Silvain, Jr.
                                        :
MIAMI EAST LOCAL SCHOOL                 :
DISTRICT BOARD OF EDUCATION,            :
                                        :
    Defendant.                    :

**ORDER and**
**REPORT AND RECOMMENDATION**

This case is before the Court upon *pro se* Plaintiff Amanda Wolfe's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) and for a *sua sponte* review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.  For the reasons that follow, the undersigned **RECOMMENDS**:

1. Plaintiff be permitted to **PROCEED** on her individual claims under 42 U.S.C. § 12132 and 29 U.S.C. § 794; and

2. The remaining claims, including Plaintiff's claims on behalf of her minor son, K.W., her claim under Ohio negligence law, and her claim under 42 U.S.C. § 1983, be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

**I.      PLAINTIFF'S COMPLAINT**

In Plaintiff's complaint, she alleges that the Miami East Local School District Board of Education ("Defendant") violated various provisions of federal law, causing harm to Plaintiff and

her minor son with disabilities, K.W. (Doc. #1-1, *PageID* #7). First, Plaintiff alleges that she requested Defendant evaluate K.W. for learning disabilities in 2015 and that Defendant failed to do so in spite of "clear notice and parental advocacy," which included Plaintiff producing private psychological evaluation results confirming a number of K.W.'s learning disabilities. *Id.* Then, in 2016, Defendant provided K.W. with limited speech services but continued to deny reading and writing services. *Id.* Finally, Plaintiff alleges that Defendant failed to inform Plaintiff or K.W.'s teachers about K.W.'s failed dyslexia screening in 2021. *Id.* at 8.

In addition to Plaintiff's allegations about Defendant's deficient learning accommodations, Plaintiff further alleges that school staff members made multiple degrading statements at K.W.'s expense, with little to no repercussion. *Id.* at 7–8. As a result of everything that occurred, Plaintiff claims she was forced to withdraw K.W. from school and acquire "private services" to remedy his education. *Id.* at 9. This included relocating her family "outside the District." *Id.* at 10. Consequently, Plaintiff claims that she "incurred substantial financial costs, lost income and uncompensated labor . . . ." *Id.* at 9.

Based on the above, Plaintiff's complaint alleges violations of federal law under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.[1] *Id.* at 9–10. Additionally, Plaintiff lists causes of action under Ohio negligence law and 42 U.S.C. § 1983 in her Civil Cover Sheet. (Doc. #1-4, *PageID* #17). However, neither cause of action is included in her complaint. *See* (Doc. #1-1, *PageID* #s 7–12).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint upon finding (1) the claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or

---

[1] Notably, Plaintiff explicitly states that "this action does not seek relief available under the Individuals with Disabilities Education A[c]t.". (Doc. #1-1, *PageID* #11).

(3) it seeks monetary relief from a defendant who is immune from such relief. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of

3

considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in her favor. *Donald v. Marshall*, No. 84-3231, 1985 U.S. App. LEXIS 31637, at *2 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III.    DISCUSSION

Upon review of Plaintiff's Complaint, the undersigned recommends that Plaintiff's individual claims under 42 U.S.C. § 12132 and 29 U.S.C. § 794 should proceed, while her remaining claims should be dismissed. First, Plaintiff may not proceed on any claims on behalf of her minor child. Pursuant to 28 U.S.C. § 1654, a plaintiff may not appear *pro se* unless their own interests are at stake. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Put another way, parents may not appear on behalf of their minor child because the minor's cause of action is their own. *Id.* Thus, all of Plaintiff's claims on behalf of her minor son, K.W., should be dismissed.

Plaintiff also should not be allowed to proceed on her claims under Ohio negligence law and 42 U.S.C. § 1983. Plaintiff only referenced these causes of action in her Civil Cover Sheet. (Doc. #1-4, *PageID* #17). To the extent that Plaintiff wished to bring a claim under Ohio negligence law or 42 U.S.C. § 1983, she failed to make any reference to those causes of action in

her complaint. *Iqbal*, 556 U.S. at 678 (a pleading requires more than mere "'labels and conclusions'" (quoting *Twombly*, 550 U.S. at 555)); *see* (Doc. #1-1it's, *PageID* #s 7–12). Accordingly, both claims should be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff should be allowed to proceed on her claims under Title II of the ADA, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Under Title II of the ADA and Section 504 of the Rehabilitation Act, non-disabled individuals have a cause of action "when they suffer injuries because of their association with a disabled person." *Parker v. W. Carroll Special Sch. Dist.*, No. 21-5700, 2022 U.S. App. LEXIS 6572, at *6 (6th Cir. Mar. 14, 2022). Therefore, Plaintiff should be allowed to proceed with her claims relating to the personal injuries she suffered as a result of her association with K.W.

### IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's claims on behalf of her minor son, K.W., her claim under Ohio negligence law, and her claim under 42 U.S.C. § 1983 be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2);

2.  Plaintiff be permitted to **PROCEED** on her individual claims under 42 U.S.C. § 12132 and 29 U.S.C. § 794; and

3.  The Court should certify pursuant to 28 U.S.C. § 1915(a)(3), that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

March 11, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).