**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| AMANDA WOLFE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:25-cv-441 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| MIAMI EAST LOCAL SCHOOL | : | Magistrate Judge Peter B. Silvain, Jr. |
| DISTRICT BOARD OF EDUCATION, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| | : | |

---

**ENTRY AND ORDER ADOPTING, IN PART, MAGISTRATE JUDGE
SILVAIN'S REPORT AND RECOMMENDATION (DOC. NO. 3) AND
OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION (DOC. NO. 5); PARTIALLY DISMISSING
PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND (DOC. NO. 2);
AND, DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
(DOC. NO. 4)**

---

This matter comes before the Court on several filings that are best addressed in tandem with one another. Plaintiff Amanda Wolfe ("Wolfe") has filed a *pro se* Complaint (Doc. No. 1-1) on behalf of herself and her minor child, K.W.[1], alleging Defendant Miami East Local School District Board of Education (the "District") violated hers and K.W.'s rights under the Rehabilitation Act (the "RA"), 29 U.S.C. § 794, *et seq.*; the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12132, *et seq.*; 42 U.S.C. § 1983; and Ohio state law. (*See* Doc. Nos. 1-1, 1-4.)

---

[1] Throughout this Order, the Court often refers to K.W. using neutral pronouns so as to ensure the minor's privacy to the greatest possible extent.

1

On an initial review, Magistrate Judge Peter B. Silvain, Jr. granted Wolfe the right to proceed *in forma pauperis* and recommended that some of the Complaint's allegations be dismissed.  (*See* Doc. No. 3.)  In his Report and Recommendation (the "R&R") (Doc. No. 3), Magistrate Judge Silvain recommends Wolfe be permitted to proceed on her individual claims under the RA and the ADA, but Wolfe's claims made on behalf of K.W. should be dismissed because she cannot represent K.W. *pro se*.  (*Id.* at PageID 43.)  Magistrate Judge Silvain further recommends the dismissal of Wolfe's claims under 42 U.S.C. § 1983 and Ohio state law, as both are only referenced in Wolfe's civil cover sheet (Doc. No. 1-4).  (*Id.* at PageID 46-47.)  In Plaintiff's Objections to the Report and Recommendation (the "Objections") (Doc. No. 5), Wolfe vies for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) in lieu of dismissing K.W.'s claims.  (Doc. No. 5 at PageID 53-54.)

Part-and-parcel of her Objections, Wolf has also filed Plaintiff's Motion for Appointment of Counsel ("Motion to Appoint Counsel") (Doc. No. 4).  Wolfe has additionally filed an Amended Complaint and Jury Demand ("Amended Complaint") (Doc. No. 2) in accordance with Fed. R. Civ. P. 15(a)(2), which includes more detailed factual allegations and expressly alleges a cause of action under 42 U.S.C. § 1983.

For the reasons discussed herein, the Court: **DENIES WITHOUT PREJUDICE** Wolfe's Motion to Appoint Counsel; **ADOPTS IN PART** Magistrate Judge Silvain's R&R and **OVERRULES** Wolfe's Objections thereto; and, **PARTIALLY DISMISSES** Wolfe's Amended Complaint.

## I.      BACKGROUND

In bringing this suit, Wolfe takes issue with the quality of K.W.'s education while a student of the District.  (*See* Doc. No. 2 at PageID 19-29.)  Wolfe alleges that her child, K.W., was

diagnosed with multiple learning disabilities at an early age, around 2015: dyslexia, dysgraphia, and a host of other purported deficiencies that have impacted K.W.'s capacity to learn literacy skills without added assistance. (*Id.* at PageID 19-20.)  She goes on to assert that the District was provided notice of K.W.'s disabilities, yet, the District failed to immediately evaluate K.W. or offer meaningful learning interventions for the child. (*Id.* at PageID 20-21.)  Wolfe further claims that, by the time they were in high school, District employees were openly degrading to K.W. based on disability. (*Id.* at PageID 25-26.)  In the end, Wolfe states that she removed K.W. from the District's school system and committed to completing K.W.'s high school education at home. (*Id.* at PageID 27.)

As for herself, Wolfe supposes that she was also personally subjected to District employees' animus regarding K.W.'s disabilities. (*Id.* at PageID 25-26.)  In particular, Wolfe alleges that the District retaliated against her for advocating on K.W.'s behalf for the provision of additional learning accommodations. (*Id.*)

On December 18, 2025, Wolfe filed a Motion to Proceed *In Forma Pauperis* (the "IFP Motion") (Doc. No. 1) and lodged therewith her original Complaint (Doc. No. 1-1).  Wolfe then filed her Amended Complaint on March 11, 2026. (Doc. No. 2.)  In the Amended Complaint, Wolfe alleges causes of action under the RA, the ADA, and 42 U.S.C. § 1983 on behalf of herself and K.W. (*Id.* at PageID 18.)  Construing the Amended Complaint as liberally as possible, Wolfe states that the District subjected her and K.W. to out-and-out disability discrimination, disability discrimination for failure to accommodate, and retaliation on the basis of Wolfe's advocacy regarding K.W.'s disability. (*See id.* at PageID 25-27, 30.)

The Magistrate was unable to review the Amended Complaint when preparing the R&R, issued less than 20 after the amendment's filing. (Doc. Nos. 2 & 3.)  Nonetheless, the R&R granted

3

Wolfe *in forma pauperis* status and recommends dismissing some of Wolfe's complaint. (Doc. No. 3 at PageID 43.) Specifically, Magistrate Judge Silvain recommends that Wolfe be permitted to proceed on her own RA and ADA claims. (*Id.*) But, he recommends the dismissal of all claims as to K.W. because Wolfe cannot represent another, even her own child, *pro se*. (*Id.* at PageID 46.) Magistrate Judge Silvain further recommends the dismissal of Wolfe's claims under Section 1983 and Ohio law, as those claims were only referenced in the civil cover sheet of Wolfe's original Complaint. (*Id.* at PageID 46-47.)

The R&R was followed by the simultaneous filing of Wolfe's Motion to Appoint Counsel and her Objections. (Doc. Nos. 4 & 5.) In all, Wolfe does not actually object to the R&R's findings. Instead, Wolfe moves for the appointment of counsel to represent herself and K.W. (Doc. No. 4), and urges the Court to oblige rather than adopt the R&R (Doc. No. 5 at PageID 54.) Notably, Wolfe has raised no argument in objection to the R&R apart from her attempt to keep K.W. involved in this suit.

## II.     DISCUSSION

As stated above, the Court finds it best to consider the filings at issue here contemporaneously. The Court evaluates Wolfe's Motion to Appoint Counsel, and Magistrate Judge Silvain's R&R in like succession.

### a.   Motion to Appoint Counsel

Turning to Wolfe's Motion to Appoint Counsel, the Court finds an appointment of counsel to be unwarranted at this juncture. Wolfe makes her plea for the appointment of counsel to cure her own inability to represent K.W. *pro se*. (Doc. No. 4 at PageID 51; Doc. No. 5 at PageID 53.) Substantively though, Wolfe argues that this case presents complex legal and factual issues which will require expert testimony. She further posits that the appointment of counsel here would

protect the rights of K.W., assist the Court in analyzing Wolfe's claims, and balance the scales insofar as the District will likely be represented by experienced counsel.

Under authority granted by statute, "court[s] may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Still, "[a]ppointment of counsel in a civil case is not a constitutional right," and is instead "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations and internal quotation marks omitted). "To determine whether exceptional circumstances warrant the appointment of counsel, courts should examine the type of case involved and the plaintiff's ability to represent [herself]." *Taylor v. Akron Police Dep't.*, No. 5:25-cv-2704, 2026 WL 317563, at *1 (N.D. Ohio Feb. 5, 2026) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado*, 992 F.2d at 606). In reviewing the type of case at issue, courts—looking to complexity— tend to consider whether the plaintiff seeking appointment of counsel has raised any novel facts or legal arguments which might be best prosecuted by an experienced attorney. *See Manning v. Mulinix*, No. 3:24-cv-1161, 2026 WL 674654, at *1 (N.D. Ohio Mar. 10, 2026) (citations omitted).

At present, the Court finds that Wolfe's case is not so complex as to justify an appointment of counsel. That Wolfe generally lacks legal training does not satisfy a showing of complexity. *See Taylor*, 2026 WL 317563, at *2 (responding to the argument that plaintiff lacked formal legal training, the court found "generalized grievances such as this are not enough to make the fact-specific showing that exceptional circumstances justify the appointment of counsel" (cleaned up)) (citations omitted). Practically, this case involves fairly straightforward claims of disability discrimination, particularly by way of retaliation. Absent some showing by Wolfe to the contrary, and assuming the allegations in her Amended Complaint to be true, this matter may reasonably be adjudicated based on a relatively simple account of the events at bar.

Nevertheless, even if Wolfe's case calls for more in-depth efforts, Wolfe has thus far demonstrated herself to be capable of pursuing her claims without the appointment of counsel. Wolfe's Complaint has survived the Magistrate Judge's initial screen under 28 U.S.C. 1915(e)(2). To be sure, Wolfe's individual allegations survive an initial screen because she competently alleged facts to support them.  In addition, by her own representations, Wolfe appears particularly well-suited to seek the advice of experts, having done so in her advocacy for K.W., in the event such expert testimony is required in this case.  In all, as *pro se* litigants go, Wolfe is far from being an inept operator.

The Court also does not find that the appointment of counsel is necessary to preserve K.W.'s rights here.  After reviewing the Amended Complaint and doing some rough math, the Court estimates K.W. to be less than two years from the age of majority.  All the allegations applicable to K.W. seek to remediate discrimination and denial of access to educational resources that can always be realized at a later date, should K.W. wish to pursue their own claims down the road.  In other words, K.W. will not be particularly prejudiced where the Court adopts the R&R below and does not appoint K.W. counsel.  Whether the District discriminated or retaliated against Wolfe is non-dispositive of whether the District discriminated against K.W. or deprived the minor of access to educational resources.  In less than two years, K.W. can pursue their own claims and, if they prevail, receive the same relief Wolfe has sought here.  *See Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010) (explaining that, under Ohio law, "if a person was within the age of minority at the time his claim accrued, he may bring the claim within the statutory period" after reaching the age of majority).

Accordingly, the Court has determined to **DENY** Wolfe's Motion to Appoint Counsel. Although, the Court is careful to deny appointment of counsel **WITHOUT PREJUDICE**, as the

6

landscape of this case may later change in such a manner that exceptional circumstances justifying the appointment of counsel become apparent.

### b.  The R&R

At last, the Court looks to Magistrate Judge Silvain's R&R.  As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case.  Pursuant to its *de novo* review, the Court must find moot that portion of the R&R that recommends dismissal of Wolfe's individual claim under 42 U.S.C. § 1983 (Doc. No. 3 at PageID 46-47).  Although Wolfe included no allegations regarding § 1983 on the face of her original Complaint, she has done so in her Amended Complaint.  Therefore, the rationale used to recommend dismissal of Wolfe's § 1983 claim is no longer applicable.

Even still, the Court would screen and dismiss Wolfe's cause of action under § 1983, as alleged in the Amended Complaint, because Wolfe has not identified what right the statute is enforcing.  42 U.S.C. § "1983 contains no substantive rights" but "merely provides a vehicle for vindicating rights found in the Constitution or another federal law."  *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1160 (6th Cir. 2021) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)).  At present, the Court can certainly look to Wolfe's Amended Complaint and make an educated guess as to what rights she seeks to enforce through § 1983.  However, the point of notice pleading is to ensure that no one has to guess.  Without the invocation of any specific source of substantive rights then, Wolfe has failed to state a claim under 42 U.S.C. § 1983.  Therefore, Wolfe's individual cause of action alleged pursuant to § 1983 is **DISMISSED**.

Otherwise, Magistrate Judge Silvain's R&R is still perfectly applicable to the Amended Complaint.  To reiterate, Wolfe's only objection to the R&R is premised upon the Court granting her Motion to Appoint Counsel.  As the Court has now denied the Motion to Appoint Counsel,

7

Wolfe's Objections are not well-taken. Consequently, the Court **ADOPTS**, **IN PART**, the R&R and additionally **DISMISSES** the Amended Complaint, inasmuch as it alleges claims on behalf of K.W. and claims under Ohio law. The Court only deviates from the R&R in this regard to declare the dismissal of K.W.'s claims to be **WITHOUT PREJUDICE**. K.W. may yet pursue their own claims upon reaching the age of majority and it is important for such pathways to remain open, notwithstanding the partial dismissal here.

### III. CONCLUSION

Based on the foregoing, the Court rules as follows:

1. Wolfe's Motion for Appointment of Counsel (Doc. No. 4) is hereby **DENIED WITHOUT PREJUDICE**;

2. Wolfe's individual claim under 42 U.S.C. § 1983, listed at Count IV in the Amended Complaint, is hereby **DISMISSED** for failure to state a claim;

3. The Court hereby **ADOPTS**, **IN PART**, the Report and Recommendation (Doc. No. 3) of Magistrate Judge Silvain and **OVERRULES** Plaintiff's Objections to the Report and Recommendation (Doc. No. 5), and the Amended Complaint (Doc. No. 2) is **PARTIALLY DISMISSED**, as set forth herein. The Court clarifies that K.W.'s claims in particular are **DISMISSED WITHOUT PREJUDICE**, while Wolfe's individual claims under 42 U.S.C. § 1983 and Ohio law are **DISMISSED WITH PREJUDICE**. However, Wolfe **MAY PROCEED** on her individual claims under 42 U.S.C. § 12132 and 29 U.S.C. § 794. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order, insofar as it adopts the R&R, would not be taken in good faith and therefore shall not be permitted to proceed *in forma pauperis*;

4. The Clerk is directed to **TERMINATE** K.W. as a party to this litigation, consistent with the partial dismissal prescribed in paragraphs 2. and 3. of this Section; and,

5. Pursuant to 28 U.S.C. § 1915(d), the Clerk is **DIRECTED** to **ISSUE AND SERVE ALL PROCESS** related to this case upon the Defendant, chiefly the Amended Complaint (Doc. No. 2).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, April 30, 2026.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

9